FT. WORTH HORSE & MULE CO. v. BURNETT. (No. 8024.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.

Where there is evidence to support the verdict, it cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by the Ft. Worth Horse & Mule Company against S. Q. Burnett. Judgment for defendant, and plaintiff appeals. Affirmed.

M. B. Harris, of Ft. Worth, for appellant. Speer & Weldon, of Bowie, and McLean, Scott, McLean & Bradley, of Ft. Worth, for appellee.

CONNER, C. J. Appellant sued in the district court to recover a balance alleged to be due on account for the sum of $2,429.08. The defendant, among other things, denied various items of the account as stated in an exhibit to the plaintiff's petition, and alleged that he was entitled to a number of credits which the plaintiff had not allowed, the defendant stating the items disputed and the credits he claimed, the account as so stated by defendant showing an indebtedness in his favor for the sum of $1,369.62, for which he prayed a recovery. The trial before a jury resulted in a verdict in favor of the defendant for the sum of $223.42, from which the plaintiff appealed.

We think no useful purpose is to be served by a discussion of appellee's objections to the assignments of error. Regardless of such objections, therefore, we will state that the only material question sought to be presented is whether the evidence is sufficient to support the verdict and judgment, and we think it very plainly is. It appears that the defendant Burnett was a dealer in horses and mules on his own account, and also as a member of a firm composed of himself and R. P. Fox. It further appears that the appellant company furnished the money upon which both Burnett and the firm operated, and that when stock was bought, Burnett or the firm, as the case was, would draw upon the appellant company in payment therefor, and when such stock was sold the proceeds would be remitted to the appellant company and credit therefor given either the individual or firm engaged in the transaction. In this way a large number of debits and credits arose which, as stated by the appellant company, amounted to the balance for which they sued, but appellee, Burnett distinctly testified to certain items which he specified in his testimony had been incorrectly charged against him, and as distinctly testified to a number of credits to which he was entitled that had not been given him, leaving the balance according to his testimony in his favor. Appellant sought to show by affidavit of one of the jurors after the trial that the verdict had been arrived at by allowing the defendant credit for four checks, which the evidence showed had been credited to the firm. The trial court evidently disregarded this affidavit, and regardless of whether the affidavit is entitled to any consideration, it is apparent that if the items of the plaintiff's account which the defendant distinctly denied be deducted from the balance against him as stated in the plaintiff's petition, and that from the remainder there be deducted the credits not given, to which the defendant also distinctly testified was his right, the balance amounts to the sum found by the jury in the defendant's favor. We do not see how we can disregard this testimony of the defendant.

The judgment is accordingly affirmed.